UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| BAHJI ADAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH HORTON, | : | Case No. 1:15-cv-228-jgm |
| JANE DOE, and JOHN DOE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

ORDER
(Docs. 50, 52)

I.     Introduction

Plaintiff Bahji Adams, proceeding pro se, originally brought this action against the Vermont Office of Child Support, Georgia Division of Child Support Services ("Georgia DCS"), Director Keith Horton, individually and as Commissioner for the DFCC State of Georgia, Commissioner for the State of Vermont for the Office of Child Support, Jane Doe, and John Doe. (Doc. 3 ("Compl.").) Following motions to dismiss, the remaining defendants are Keith Horton in his individual capacity, Jane Doe, and John Doe. (Doc. 44.) Defendant Horton, former Commissioner of the Georgia Department of Human Services, of which the Georgia DCS is a division, has filed a special appearance and motion to dismiss. (Doc. 50.) Adams opposes the motion and requests to replead her complaint. (Doc. 52.) Horton replied in further support of his motion and opposes the request to replead. (Docs. 53, 54). For the reasons discussed below, Horton's motion to dismiss is granted, Adams' request to replead is denied, and the case is dismissed.

II.    Background

For a general background of this case, please see the Court's Order granting the prior motions to dismiss. (Doc 44 at 2-4.)

For purposes of the pending motion to dismiss, the relevant facts are as follows. Defendant Horton has not been the Commissioner of Georgia DHS since July 2015. (Doc. 8.) Horton is currently the Assistant Commissioner of the Georgia Department of Juvenile Justice. Horton is a resident of the State of Georgia and was a resident of Georgia during the time of the events alleged in the complaint. Horton has never lived or worked in Vermont, has no ongoing personal or business contacts with and does not own real estate in Vermont, is not a member of a Vermont partnership, limited liability company, or other entity, and does not conduct any business in Vermont. See Doc. 50-1 (Horton Aff.).

Adams seeks injunctive relief against Horton. (Compl. at 78-79.)

While pro se litigants are afforded a liberal pleading standard, Erickson v. Pardus, 551 U.S. 89, 94 (2007), nonetheless, a pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law, Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

III.   Discussion

   A.   Defendant Horton's Motion to Dismiss

Defendant Horton moves to dismiss Adams' complaint against him in his individual capacity under Federal Rule of Civil Procedure 12(b)(1), (2), and (6) based on lack of personal jurisdiction, lack of subject matter jurisdiction, the statute of limitations, and failure to state a claim. (Doc. 50.) Adams opposes the motion (Doc. 52) and Horton filed a reply (Doc. 53).

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012). Prior to discovery, a plaintiff may defeat a motion to dismiss for lack of personal jurisdiction by pleading, in good faith, legally sufficient allegations of jurisdiction. Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84-85 (2d Cir. 2013). The Court may consider pleadings and affidavits, and construes them in the light most favorable to the plaintiff.

2

To meet her burden, Adams must plead facts sufficient to support a finding that personal jurisdiction is proper under Vermont's long-arm statute and the due process clause of the Fifth and Fourteenth Amendments.  In re Roman Catholic Diocese, 745 F.3d 30, 37-38 (2d Cir. 2014). Because Vermont's long-arm statute, Vt. Stat. Ann. tit. 12, § 913(b), extends personal jurisdiction to the outer limits permitted by the federal due process clause, the Court must analyze whether personal jurisdiction comports with due process.  Id. at 38.  The due process clause requires that a defendant "purposefully establish[] minimum contacts within the forum State . . . such that he should reasonably anticipate being haled into court there."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985) (internal quotation marks and citation omitted).  Once minimum contacts are established, the Court must decide whether the exercise of personal jurisdiction is reasonable and acceptable under "traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Personal jurisdiction may be specific or general.  "Specific jurisdiction exists when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum; a court's general jurisdiction, on the other hand, is based on the defendant's general contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts."  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567-68 (2d Cir. 1996) (internal quotation marks and citation omitted).

General jurisdiction over an individual comports with due process in the forum where he is "at home," meaning the place of "domicile."  Sonera Holding B.V. v. Cukurova Holding A.S., 750 F.3d 221, 225 (2d Cir. 2014).  A person may only have one domicile.  United States v. Venturella, 391 F.3d 120, 125 (2d Cir. 2004).  In an "exceptional case," an individual's contacts with a forum might be so extensive as to support general jurisdiction notwithstanding domicile elsewhere,

Daimler AG v. Bauman, 134 S. Ct. 746, 761 n.16 (2014), but the Second Circuit has yet to find such a case. Here, Horton's domicile is Georgia and there is no indication Horton has any contact with the state of Vermont to render him subject to the general jurisdiction of Vermont's courts. See Doc. 50-1. Accordingly, general jurisdiction over Horton in Vermont would not comport with due process.

With regard to specific jurisdiction, the complaint also fails to supply sufficient facts to support a finding that personal jurisdiction is proper. The claims against Horton, which relate to the 2007 child support order in the final judgment allegedly entered without accommodation for Adams' disabilities and subsequent enforcement of the order, do not arise out of or relate to any contacts of Horton with Vermont.[1] Daimler AG, 134 S. Ct. at 754 (specific personal jurisdiction exists when a suit arises out of or is related to defendant's contacts with the forum state). Accordingly, the assertion of personal jurisdiction over Horton in his individual capacity would not comport with due process. Defendant Horton's motion to dismiss is granted. All claims against Horton in his individual capacity are dismissed.

B. Adams' Request to Replead

Adams has requested leave to replead. (Doc. 52.) Defendant Horton opposes the request. (Doc. 54.) District courts generally should not dismiss pro se claims without granting leave to amend. See Cuoco v. Moritsugo, 222 F.3d 99, 112 (2d Cir. 2000). The Court declines to revisit its prior holding that granting leave to amend her claims against defendants dismissed in the June Order would be futile. (Doc. 44 at 13.) Further, leave to replead claims against Defendant Horton

---

[1] Similarly, her vague reference, not included in the complaint or an affidavit, to telephone conversations with Defendant Horton after she moved to Vermont do not confer specific jurisdiction because her claims do not arise from those phone calls even if phone calls were sufficient. See Sternberg v. Nathan, 112 F.3d 505 (2d Cir. 1997) (holding phone calls insufficient to confer personal jurisdiction).

in his individual capacity is denied because it would be futile and better pleading will not cure the lack of personal jurisdiction where Horton is domiciled in Georgia, has no contacts with Vermont, and Adams' cause of action did not arise out of any contact of Horton's with Vermont. See id. ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."). Accordingly, Adams' request to replead (Doc. 52) is denied.

IV.   Conclusion

For the reasons stated above, Defendant Horton's motion to dismiss (Doc. 50) is GRANTED due to lack of personal jurisdiction. All claims against Horton in his individual capacity are dismissed. As Adams has not identified or served Jane or John Doe, any claims remaining against them are also dismissed.

Adams' request to replead (Doc. 52) is DENIED and the case is dismissed.

The Court notes, there are limits to how often courts can be asked to review the same allegations against the same parties; the doctrine of res judicata recognizes that limitation and may bar later litigation. See EDP Med. Comput. Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). This is not Adams' first attempt to bring claims in this Court. See Adams v. Comm'r Dep't of Children & Families, 2:13-cv-10-wks (D. Vt. Aug. 12, 2015) (claims against all defendants dismissed without prejudice); Adams v. Vt. Office of Child Support, 2:15-cv-160-wks (D. Vt. Dec. 12, 2015) (claims against all defendants dismissed without prejudice).[2] Courts also have the inherent power and the obligation "to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to

---

[2] Nor is this the only federal forum in which she has sought relief. See Adams v. United States, No. 07-809C (Ct. Fed. Cl. July 16, 2008); Adams v. Georgia, No. 1:08-cv-280 (N.D. Ga. Mar. 5, 2008); Adams v. Georgia, No. 1:07-cv-2924, 2007 WL 4979007 (N.D. Ga. Nov. 27, 2007). And her efforts to access the Supreme Court have been denied. See Adams v. George, 553 U.S. 1022 (2008); Adams v. George, 552 U.S. 1115 (2008); Adams v. George, 552 U.S. 1049 (2007).

[other parties] and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted); see also Safir v. U.S. Lines, Inc., 792 F.2d 19, 23 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation.") (internal quotation marks omitted).  Thus, the court may prohibit an individual from filing new actions in the venue when he or she "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive [filings.]" In re Hartford Textile Corp., 659 F.2d 299, 305 (2d Cir. 1981).  However, the court "may not impose a filing injunction on a litigant sua sponte without providing [that] litigant with notice and an opportunity to be heard." Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998).  Adams is hereby warned that further multiplicitous and baseless litigation may result in the Court seeking to impose a filing injunction.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 8th day of June, 2017.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge